# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MARYLAND

EDWARD JASON FREED, #448-633,        *

v                                     *    Civil Action No. CCB-19-599

Master Trooper TYRONE W. HERNDON,[1]  *
Corp. FRANCIS E. SHANKS,
MARYLAND DEPT. of STATE POLICE,       *
STATE OF MARYLAND,
Investigator MICHAEL ORTMAN,          *
*Being sued in their official and individual*
*capacities.*                         *

## MEMORANDUM OPINION

### Procedural History

Edward Freed, who is currently incarcerated at the Maryland Correctional Institution Hagerstown, filed a Complaint alleging that on February 28, 2016, he was beaten by Maryland State Police troopers and wrongfully arrested.[2] (ECF 1). Freed seeks $5 million for "lifetime pain and suffering, discomfort, fear of police, seizures, psychological damages and any further relief that [he] may be entitled to under the law" stemming from the incident which involved Troopers Tyrone W. Herndon and Francis E. Shanks. (ECF 1, p. 3). Freed provides details of the incident as well as efforts to obtain a surveillance video of the incident, which was later obtained by an investigator working with the Harford County State's Attorney. (ECF 1, pp. 8-9).

Defendants have filed a motion to dismiss or in the alternative a motion for summary judgment. (ECF 8). Freed was informed of his opportunity to file an opposition response to the

---

[1] The Clerk shall amend the docket to reflect the full spelling of Defendants' names, as reflected in the caption of this Memorandum Opinion.
[2] Freed's current incarceration is based on his June 27, 2016 narcotics distribution conviction in the Circuit Court for Harford County for which he is serving a sentence of 40 years with 25 years suspended. *See Maryland v. Freed,* Case No. 12-K-14-000629 (Cir. Ct. Harford Co.); http://casesearch.courts.state.md.us/casesearch/inquiryDetail.jis? (last viewed October 7, 2019). This conviction is unrelated to the February 28, 2016 incident now before this court.

motion[3] but failed to comply. Freed was granted an extension of time to September 17, 2019, to file an opposition response to the motion (ECF 12) but instead moved twice to amend his complaint (ECF 14; ECF 17). Defendants oppose in part the motions to amend. (ECF 15; ECF 18).

After considering the parties' submissions, the court finds that no hearing is necessary. *See* Loc. R. 105.6 (D. Md. 2018). Freed's motions to amend will be granted. Defendants' dispositive motion will be denied as moot, and they will be permitted to file a new motion directed at Freed's amended complaint.

**Motions to Amend**

In his first Motion for Leave to File an Amended Complaint, Freed names Michael Ortman as the investigator who "edited the video, ending the video before the assault took place." (ECF 14, p. 1). Freed also moves to strike the State of Maryland and the Maryland State Police as parties to this action. (*Id.*, p. 2). Defendants consent to the amendment in part, concurring with Freed's dismissal of the State of Maryland and the Maryland State Police as parties not amenable to suit. (ECF 15, pp. 1-2). They oppose adding Ortman as a defendant, arguing that Ortman's alleged intentional tainting of the evidence, whether construed as a state tort or a civil rights violation under 42 U.S.C. § 1983, constitutes an allegation of malicious prosecution which cannot proceed because the criminal prosecution did not end in Freed's favor. (*Id.*, pp. 2-3).

In his Second Amended Complaint, Freed requests trial by jury and expands his factual allegations and his request for relief. He further delineates his claims to include state tort assault, battery, and negligence claims, allegations under 42 U.S.C. § 1983 for excessive use of force,

---

[3] On May 15, 2019, as required by *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), the Clerk notified Freed that defendants filed a dispositive motion. (ECF 9). Freed was informed of his right to file a timely written response and of the possibility that if he failed to respond the case could be dismissed or a judgment entered against him without further notice. *Id.*

violations of the First and Eighth Amendments and his right to equal protection and due process, and alleges defendants conspired to deny his civil rights. (ECF 17, p. 1). Freed describes more fully his encounter with the troopers, including their refusal to arrest the family member whose alleged actions prompted him to call for police assistance,[5] and describes the alleged assault he claims caused ongoing seizures from which he did not suffer previously. Freed details threats allegedly made by Trooper Herndon upon his admission to an area hospital following his arrest, and Freed's conversation with a commissioner and discussions with Ortman concerning criminal charges Freed sought to file against Herndon and Shanks. (*Id.*, pp. 2-13). Freed again alleges Ortman sanitized the surveillance video from a nearby pawnshop showing Freed's arrest and alleges Ortman never retrieved the cellphone video Freed took of his arrest (*Id.*, pp. 12-13) which resulted in the State's Attorney's decision to drop assault charges against the troopers. (*Id.*, p. 13). Defendants oppose the amendment on the grounds that Fed. R. Civ. P. 15 requires leave of court to amend a complaint beyond the initial 21 days after service of process. (ECF 18, p. 1).

Pursuant to Federal Rule of Civil Procedure 15(a), "[a] party may amend its pleading once as a matter of course within 21 days after serving it, or if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier." Fed. R. Civ. P. 15(a)(1). Clearly Freed has failed to meet this deadline. Thus, he may amend his pleading only with the opposing party's written consent or the court's leave. Fed. R. Civ. P. 15(a)(2). Rule 15 dictates that the court should

---

[5] Freed possesses no legally protected interest in the prosecution of others. *See Linda R.S. v. Richard D.*, 410 U.S. 614, 619 (1973) ("a private citizen lacks a judicially cognizable interest in the prosecution or nonprosecution of another"); *see also Banks v. Buchanan*, No. 09-1027, 336 Fed. App'x 122, 123 (3rd Cir. 2009); *Sargeant v. Dixon*, 130 F.3d 1067, 1069 (D.C. Cir. 1997); *Sibley v. Obama*, 866 F. Supp. 2d 17, 20 (D.D.C. 2012); *Speight v. Meehan*, Civil Action No. 08-3235, 2008 WL 5188784, at *3 (E.D. Pa. Dec. 9, 2008). To the extent the complaint or its amendments seeks the criminal prosecution of the family member, Shanks or Herndon, those claims are dismissed.

3

freely give leave when justice so requires, but where the proposed amendment to the complaint appears to be a futility, the court has the discretion to deny leave to amend.

"Futility is apparent if the proposed amended complaint fails to state a claim under the applicable rules and accompanying standards: '[A] district court may deny leave if amending the complaint would be futile—that is, if the proposed amended complaint fails to satisfy the requirements of the federal rules.'" *Katyle v. Penn Nat. Gaming, Inc.*, 637 F.3d 462, 471 (4th Cir. 2011) (quoting *United States ex rel. Wilson v. Kellogg Brown & Root, Inc.*, 525 F.3d 370, 376 (4th Cir. 2008)). Leave to amend also may be denied not only where amendment would be futile, but also where the proposed amendment is unduly delayed, would be prejudicial to the opposing party as by changing the nature of the litigation, or the moving party has acted in bad faith. *See Equal Rights Ctr. v. Niles Bolton Assoc.*, 602 F.3d 597, 603-04 (4th Cir. 2010); *see also Deasy v. Hill*, 833 F.2d 38, 42 (4th Cir. 1987); *Whitten v. Apria Healthcare Grp., Inc.*, No. PWG-14-3193, 2015 WL 2227928, at *7 (D. Md. May 11, 2015)[6] (court may not address new claims raised in opposition to a dispositive motion, because it is not an appropriate vehicle for amending the complaint).

The amended pleading "ordinarily supersedes the original" and renders the previous complaint of "no legal effect." *Young v. City of Mount Ranier*, 238 F.3d 567, 572 (4th Cir. 2001) (citing 6 Charles Alan Wright, Arthur Miller & Mary Kay Kane, *Federal Practice & Procedure* § 1476 (2d ed. 1990) ("A pleading that has been amended . . . supersedes the pleading it modifies....")).

Freed's amended complaints do not significantly change the nature of his underlying claims, but instead amplify his claims by supplementing his version of the incident, providing the name of the investigator referenced in his original complaint, and delineating the causes of action

---

[6] Unreported cases are cited for the soundness of their reasoning, not for any precedential value.

and damages he wishes to pursue. Further, defendants appear to have waived any procedural irregularity regarding the first amendment by concurring with Freed's decision that the Maryland Department of State Police and the State of Maryland should be dismissed from suit. Leave to file the first amended complaint will be granted, Michael Ortman will be named as a defendant,[7] and the State of Maryland and the Maryland Department of State Police will be dismissed from suit.

Freed's second Amended Complaint substantially adopts allegations presented in the original Complaint and first Amended Complaint. This amendment is not prejudicial to the opposing party, does not change the nature of the litigation, and while it comes after the filing of a dispositive motion, it is not clearly futile and appears to be submitted in good faith. Leave to file the Second Amended Complaint also will be granted, and the parties are advised that it will now be considered as the operative Complaint. Defendants' Motion to Strike (ECF 18) will be denied.

**Defendants' Dispositive Motion**

In light of the court's granting of Freed's motion to amend, the court will deny as moot Defendants' motion to dismiss or, in the alternative, motion for summary judgment. Defendants may file a new dispositive motion directed at the second amended complaint.

A separate order follows.

10/17/19
Date

Catherine C. Blake
United States District Judge

---

[7] Defendants argue in their response to Freed's motion to amend that Freed cannot prove a claim of malicious prosecution against Ortman as Freed was convicted of the criminal charge at issue. Defendants, however, do not discuss Freed's acquittal of two of the charges in that same criminal proceeding. ECF 8-5; ECF 8-6. Because defendants may file a new dispositive motion directed at the second amended complaint, they will be able to more fully brief this argument.